28 F.3d 112
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frank Charles BURRELL, Earl Davis,
Plaintiffs-Appellants-Cross-Appellees,
v.
OKLAHOMA DEPARTMENT OF TRANSPORTATION, Jon Powell, in his,
official and individual capacities, Delmas Ford, in his
official capacity as Secretary of the Department of
Transportation of the State of Oklahoma,
Defendants-Appellees-Cross-Appellants.
 Nos. 92-6304, 92-6315, 92-6320.
 United States Court of Appeals, Tenth Circuit.
 June 30, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and EBEL, Circuit Judge, and SHADUR, District Judge.[2]
 
 
 2
 Plaintiffs Earl Davis and Frank Charles Burrell, employees of the Oklahoma Department of Transportation, filed suit claiming Defendants' failure to promote them (1) deprived each of them of a property right without due process of law, 42 U.S.C.1983, and (2) was a result of racial discrimination, 42 U.S.C.1981. The district court granted Defendants' motion for judgment as a matter of law with respect to Plaintiffs' 1983 claims, Fed.R.Civ.P. 50(a)(1). Plaintiffs' 1981 claims were submitted to a jury, and the jury returned a verdict in favor of Defendants. Plaintiffs appeal, and we have jurisdiction under 28 U.S.C. 1291.
 
 
 3
 Plaintiffs first claim the district court erred in granting Defendants' Rule 50(a)(1) motion with respect to their 1983 claims. Judgment as a matter of law is appropriate where a party has been fully heard on an issue and "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R.Civ.P. 50(a)(1). We review the district court's grant of judgment as a matter of law de novo. Fry v. Board of County Comm'rs, 7 F.3d 936, 938 (10th Cir.1993).
 
 
 4
 In a 1983 action, the plaintiff must claim the violation of a federal constitutional right. Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1567 (10th Cir.1993). Plaintiffs' asserted constitutional claims arise from the Due Process Clause of the Fourteenth Amendment. Burrell claims he had a property right to a promotion to Division Manager of Human Resources by virtue of his absolute veterans preference. Davis, who applied for the Division Manager position prior to January 30, 1989, claims he had a property right to consideration for the position exclusive of those individuals who applied after January 30, 1989.
 
 
 5
 A state may not deprive a person of property without due process of law. U.S. Const. amend. XIV, 1. As a threshold requirement to establishing a right to due process, the plaintiff must demonstrate that he possessed a property or liberty interest. Doyle, 998 F.2d at 1569. A property interest, for purposes of due process, must be specific and presently enforceable. Id. To have a property interest in a benefit, a person clearly must have "a legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 577 (1972). Whether a public employee has a property interest in a promotion, is a matter of state law. See Patrick v. Miller, 953 F.2d 1240, 1244 (10th Cir.1992). Oklahoma recognizes that the terms of a plaintiff's employment "may create a sufficient expectancy of continued employment to constitute a property interest." Hall v. O'Keefe, 617 P.2d 196, 200 (Okla.1980). Whether a property interest is so created, however, depends on whether there are substantive state law restrictions on the employer's discretion. Patrick, 953 F.2d at 1245 (interpreting Oklahoma law).
 
 
 6
 Burrell has failed to establish that he possessed a property interest in a promotion to Division Manager by virtue of his absolute veterans preference. Under the Oklahoma Merit Rules for Employment, a decisionmaker has three avenues for filling a vacant position. Only one of those three avenues--i.e., the register--requires the decisionmaker to give preference to veterans. Although Burrell may have had an entitlement to the promotion if the decisionmaker had actually hired from the register, the decisionmaker in this case--Jon Powell--did not hire from the register. Rather, Powell ultimately decided to utilize one of the alternate avenues for filling the vacant position, and Burrell has failed to cite any Oklahoma statute, regulation, or established practice, that prohibited him from doing so.[3] Because Powell had the unfettered discretion to utilize an avenue other than the register to fill the Division Manager vacancy, Burrell failed to show that he had a legitimate claim of entitlement to the promotion.
 
 
 7
 Likewise, Davis has failed to establish that he had a property right to consideration for promotion to Division Manager exclusive of individuals who applied for the position after January 30, 1989. Davis relies on Administrative Order No. B-305-2-(1) which governs the procedure for the posting of vacant positions. The order states, in part, that after the closing date of the posting, the position may be filled at any time within three months without further posting. The order does not, as Davis urges, mandate that the position be filled within three months with an applicant who had actually responded to the posting prior to its closing date. Indeed, the cited order in no way places any substantive limits on the decisionmaker's discretion to choose a particular person to fill the vacancy. As a result, Davis failed to show that he had a legitimate claim of entitlement to consideration for promotion to Division Manager exclusive of individuals who applied for the position after the closing date of the posting.
 
 
 8
 Because Plaintiffs failed to provide a legally sufficient evidentiary basis for a reasonable jury to enter a verdict in their favor on the issue of whether Defendants violated their rights to due process, we conclude the district court properly granted Defendants' motion for judgment as a matter of law on Plaintiffs' 1983 claims.
 
 
 9
 Plaintiffs also assert the jury's verdict in favor of Defendants on their 1981 claims was not supported by sufficient evidence, and resulted in a miscarriage of justice. "When a jury verdict is challenged on appeal, our review is limited to determining whether the record--viewed in the light most favorable to the prevailing party--contains substantial evidence to support the jury's decision." FDIC v. United Pacific Ins. Co., 20 F.3d 1070, 1082 (10th Cir.1994) (citing Comcoa, Inc. v. NEC Tel., Inc., 931 F.2d 655, 663 (10th Cir.1991)).
 
 
 10
 Plaintiffs' 1981 claims are based on their theory that Defendants' failure to promote them was a result of racial discrimination. Defendants countered that Plaintiffs were not selected for promotion due to legitimate business reasons. We hold the record contains substantial evidence from which the jury could conclude that Plaintiffs had failed their burden of proving they were the victims of intentional discrimination. See Patterson v. McLean Credit Union, 491 U.S. 164, 187 (1989) (Title VII framework, which includes principle that plaintiff has final burden of proving intentional discrimination, applies to claims of racial discrimination under 1981).
 
 
 11
 In rebutting Plaintiffs' claims, Defendants presented substantial evidence that the decision not to select Plaintiffs for promotion was not due to racial animus. Defendants presented evidence that Powell actively sought a minority to fill the Division Manager vacancy. Moreover, the testimony at trial indicated that Powell rejected Burrell for the position because Burrell's supervisors informed him that Burrell was not a top performer, and he performed his job at minimal levels. Likewise, Defendants presented evidence that Davis was rejected for the Division Manager position because Davis was performing poorly in his then current job and had a history of bragging about engaging in very questionable behavior concerning minority recruitment. Finally, Powell testified that he believed other applicants for the position were better qualified than Burrell and Davis. We hold the jury could conclude this evidence was sufficient to rebut Plaintiffs' prima facia case of discrimination, and the record, viewed in the light most favorable to Defendants, supports the jury's conclusion that Plaintiffs (1) failed to prove that Defendants' reasons for not promoting them were pretextual, or (2) otherwise failed to prove intentional discrimination. Having concluded that the jury's verdict was supported by substantial evidence, we further hold the verdict did not result in a miscarriage of justice.
 
 AFFIRMED.[4]
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 [3]
 In his reply brief, Burrell points to an Oklahoma Attorney General's opinion to support his contention that once the decisionmaker requested the register, he was required to actually hire from it. See Op. Okla. Att'y Gen. No. 86-1 (June 24, 1986). Although the Attorney General's opinion may have offered vague support for this proposition at one time, it clearly does not apply here because the opinion interpreted an earlier version of Okla. Stat. Ann. tit. 74, 840.15, which was amended in 1986 so that it no longer applies to promotion decisions
 
 
 [4]
 In their brief, Defendants have withdrawn their cross-appeal. Case No. 93-6320 is therefore DISMISSED